SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Kimberly.Frayn@usdoj.gov

MARGARET A. MOESER
Chief, Money Laundering and Asset Recovery Section
U.S. Department of Justice/Criminal Division
Kenneth P. Kaplan
Trial Attorney
D.C. Bar No. 460614
The Bond Building
1400 New York Avenue, NW, Suite 1000
Washington, DC 20005
(202) 514-2000
kenneth.kaplan@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JIN WEI CHEN,<br><br>XUE JIE CHEN,<br>    a.k.a. "Johnny Chen," and<br><br>YUE YUAN,<br><br>    Defendants. | Case No. 2:25-cr-00098-JCM-BNW<br><br>**Stipulation for Protective Order** |

The government and defendants, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by

1

the government during discovery that contain the confidential personal identifying information (PII) of participants, witnesses, and victims referenced in the discovery. The parties state as follows:

1. On April 16, 2025, a grand jury charged Jin Wei Chen (JW Chen), Xue Jie Chen a.k.a. Johnny Chen (J Chen) and Yue Yuan (Yuan) (collectively referred to herein as "Defendants") in a four-count indictment alleging defendants conspired to commit Bank Fraud and Aggravated Identity Theft. JW Chen and J Chen are charged in each count. Yuan is charged in all, but one Aggravated Identity theft count. ECF 51. The alleged criminal conduct involves the defendants obtaining and using genuine Texas drivers' licenses, belonging to actual Texas residents, to engage in bank fraud and using victims' PII to secure financing for luxury vehicles. The alleged criminal activity occurred in District of Nevada and, at least, fourteen other states. A trial is presently set for October 20, 2025. ECF 85. The parties met and conferred on June 2, 2025, and the government is prepared to produce discovery subject to the protections set forth in the stipulated Protective Order. As explained above, the alleged criminal conduct involved the defendants' extensive use of victims' PII. There were more than 5,000 victims. The discovery therefore contains abundant amounts of the victims' PII, such as names, addresses, social security numbers, birthdates, employment records, credit history, and bank account information that defendants are alleged to have possessed and used in the conduct giving rise to the charges. The release of such information to the defendants, public, or third parties not involved in the case could endanger further the privacy of these victims and could further subject them to potential misuse of their identities. The volume of PII in the discovery is such that the government redacting the materials is not feasible and will greatly diminish the content and render the materials, in general, incomprehensible. Accordingly, to protect against this outcome while also balancing its discovery obligations, the

government considers the PII of participants,' witnesses,' and alleged victims' PII as "Protected Information," which the parties agree is subject to this protective order. The "Protected Information" may be found in, among others, Texas Department of Public Safety (TDPS) records, airline records, rental car records, car dealership records, financial institution records, information recovered from digital devices, including but not limited to group chats, seized during the investigation, and in law enforcement reports, all of which the government anticipates producing early in the discovery process.

2.   In order to protect the privacy of the victims and other individuals referenced in the discovery, and the integrity of this investigation and prosecution, the parties agree to restrict access to the following individuals: attorneys for all parties and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, vendors, IT staff, contractors, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

3.   The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

    a.   make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b.   allow any other person to read, listen, or otherwise review the Protected Information in this case, except as provided in paragraph 6;

    c.   use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

      d.    attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

4.    Defendants shall not have access to Protected Information except as follows, unless modified by further order of the Court:

      a.    Except as set forth in Paragraph 5, i*nfra*, Covered Individuals are permitted to review Protected Information with their respective client. However, Covered Individuals will not allow their respective client to retain copies of Protected Information, or any notes regarding or related to Protected Information.

      b.    In the case of J. Chen, who is released on bond and resides outside the jurisdiction, the Federal Public Defenders may arrange with a Federal Public Defender's Office of the Central District of California, Los Angeles Division, to maintain a copy of the discovery materials that J. Chen may review in California in a Covered Individual's presence. J. Chen will not be permitted to copy, procure, or otherwise print or keep any notes related or referring to the Protected Information.

      c.    In the case of defendants detained pre-trial, the U.S. Marshals Service (USMS) has advised there is no area in the Nevada Southern Detention Center (NSDC) facility where defendants JW Chen and Yuan are detained that could securely store a hard drive containing discovery materials, including that with Protected Information, and could allow defendants to access said hard drive to review discovery materials, including Protected Information, under monitoring by NSDC staff. Instead, USMS has advised that the discovery should be loaded into a Covered Individual's digital device, which can be brought into an attorney - client meeting at NSDC, where JW. Chen and Yuan may review Protected Information in a Covered Individual's presence. JW. Chen

and Yuan will not be permitted to copy, procure, or otherwise print or keep any notes related or referring to the Protected Information. Further, JW. Chen and Yuan will be expressly prohibited from taking notes or discovery materials containing Protected Information into their NSDC housing units.

5. At their request, the government provided Defense counsel, and those designated as Covered Individuals, unredacted discovery, containing Protected Information, for their review only to determine what discovery containing Protected Information is material to their defense and requires their respective clients' review This provision in no way restricts defense counsel or Covered Individuals from discussing contents of unredacted discovery with their respective clients.

6. Depending on the volume of discovery determined to be material to the defense of the case, the parties will then: 1) provide the defendants with a volume of segregated discovery that does not contain Protected Information; and 2) the government will redact any Protected Information before providing discovery if they are not segregated, up to a total of 1,000 pages. Defense counsel, and, where necessary those individuals designated as Covered Individuals shall meet and confer about how they wish to split the 1,000 pages amongst the defendants. If defense counsel intends to designate more than 1,000 pages as material, the parties shall meet and confer to narrow the scope. If the parties are unable to reach a resolution, then the parties shall bring the matter back before the Court. This paragraph affords defendants access to discovery beyond that required by the Federal Rules of Criminal Procedure, Local Rules of Criminal Procedure, or applicable statutes or case law and shall have no bearing on the admissibility of exhibits at trial.

7. The Protected Information shall be segregated from discovery not containing PII, and defendants, except as noted above, shall only be permitted to review the Protected

Information in the presence of a Covered Individual who shall retain exclusive possession of the Protected Information.

8. A Covered Individual shall not leave copies of Protected Information at NSDC or any other detention facility where the defendants may be housed pre-trial.

9. In the event of any dispute related to the government's designation of Protected Information, the Parties will first meet and confer. If the parties cannot resolve the discrepancy, they shall return to Court seeking a ruling concerning whether the document contains Protected Information and is subject to the rules set out in this Stipulation.

10. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

11. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

12. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

13. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

          c.      Notify the government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

          d.      Notify the Court in writing under seal.

14. At the conclusion of this action, defense counsel, including any Covered Individual whom they employed, partnered, or contracted with in their role in this action, shall return to the government or destroy all copies of Protected Information in defense counsel's or previously referenced Covered Individual's possession. This provision specifically includes any Protected Information that the Covered Individual's returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then at the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15. The defense hereby stipulates to this protective order.

Respectfully submitted,

SIGAL CHATTAH
UNITED STATES ATTORNEY

/s/ *Kimberly M. Frayn*       07/21/2025
KIMBERLY M. FRAYN      Date
Assistant United States Attorney

MARGARET A. MOESER
Chief, Money Laundering and Asset Forfeiture Section
U.S. Department of Justice/Criminal Division

/s/ *Kenneth P. Kaplan*      07/21/2025
KENNETH P. KAPLAN      Date
Trial Attorney
United States department of Justice/Criminal Division

/s/ *Yi Lin Zheng, Esq.*      07/21/2025
YI LIN ZHENG, ESQ.      Date
Counsel for JIN WEI CHEN

RENE L. VALLADARES
Federal Public Defender

/s/ *LaRonda R. Martin*      07/21/2025
LARONDA R. MARTIN      Date
Assistant Federal Public Defender
Counsel for JOHNNY CHEN

/s/ *Paola M. Armeni, Esq.*      07/21/2025
PAOLA M. ARMENI, ESQ.      Date
Counsel for YUE YUAN

**IT IS SO ORDERED** on this __23__ day of July, 2025.

_____
HONORABLE BRENDA N. WEKSLER
UNITED STATES MAGISTRATE JUDGE

8